UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MICHAEL TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| KENCO LOGISTICS SERVICES, LLC | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Michael Taylor ("Taylor" or "Plaintiff"), by counsel, brings this action against Defendant, Kenco Logistics Services, LLC, ("Defendant"), for violating, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.* and Indiana Law.

**II. PARTIES**

2. Taylor is a resident of Clark County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 42 U.S.C. §2000e-5(f)(3) and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 42 U.S.C. §12111(5).

6. Taylor was an "employee" as that term is defined by 42 U.S.C §2000e(f) and 42 U.S.C. §12111(4).

7. Taylor satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on race and disability. Taylor received the required Notice of his Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Taylor is an African American male.

10. Taylor began working for Defendant on or about May 6, 2021, as a Warehouseman. In this position there are "pickers" and "packers". Taylor works as a picker and will walk as many as twenty-six (26) miles a day picking items to be packed.

11. At all relevant times, Taylor met or exceeded Defendant's legitimate performance expectations.

12. On or about September 8, 2022, Taylor asked to be moved from a picker to a packer. His request was denied; however, packer positions were given to white individuals.

13.  In or around August 2022, Taylor's hip began hurting. He reported this to his supervisor, Steve Straub ("Straub").

14.  On or about October 20, 2922, Taylor was injured at work and filed a report with supervisor Doug Pence ("Pence"). After making the report, Taylor noticed that he was treated less favorably by his supervisors Straub and Pence.

15.  After the complaint about the pain in his hip, Taylor was moved to a less physically intensive position for about a week and a half. In this new position, non-black employees were allowed to sit while they performed their job duties. Taylor was not permitted to do the same.

16.  Roger (LNU) ("Roger"), a white individual, frequently mocked minorities by mocking the way they spoke. Taylor complained to Roger, Straub, and team lead Dakota (LNU) ("Dakota") that such mocking was inappropriate and offensive to him and others. Defendant did not take remedial action.

17.  On or about January 4, 2023, Roger overheard Taylor's reaction to a text message and began mocking him using a "black voice". When Taylor asked why Roger was mocking black people, Roger became aggressive toward Taylor and an argument ensued.

18.  On or about January 5, 2023, Taylor was terminated for having the aforementioned argument with Roger. Roger did not face any consequences and is still employed with Defendant. Non-black employees who argued with one another, such as Carla (LNU) ("Carla") and Maria (LNU) ("Maria") were not terminated.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

19. Taylor hereby incorporates paragraphs one (1) through eighteen (18) of his Complaint as if the same were set forth at length herein.

20. Taylor's employment was terminated because of his race.

21. Defendant's actions were intentional, willful, and taken in reckless disregard of Taylor's rights as protected by Title VII of the Civil Rights Act of 1964.

22. Taylor has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: RETALIATION

23. Taylor hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint as if the same were set forth at length herein.

24. Taylor engaged in protected activity when he opposed race-based discrimination.

25. Defendant retaliated against Taylor by terminating his employment.

26. Defendant's actions were intentional, willful, and taken in reckless disregard of Taylor's rights as protected by Title VII of the Civil Rights Act of 1964.

27. Taylor has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: DISABILITY DISCRIMINATION

28. Taylor hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint as if the same were set forth at length herein.

29. Defendant violated Taylor's rights as protected by the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*, by discriminating against him because of his actual or perceived disability. Defendant failed to provide him with a reasonable accommodation and subjected him to disparate treatment because of his disability in violation of the ADA.

30. Taylor's employment was terminated due to his disability.

31. Defendant's actions were intentional, willful, and in reckless disregard of Taylor's rights as protected by the ADA.

32. Taylor has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: WORKERS' COMPESNATION RETALIATOIN

33. Taylor hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint as if the same were set forth at length herein.

34. Defendant retaliated against Taylor for his pursuit of Workers' Compensation Benefits by terminating his employment in violation of Indiana Law.

35. Defendant's actions were intentional, willful, and in reckless disregard of Taylor's rights as protected by Indiana.

36. Taylor has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael Taylor, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Taylor's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Taylor of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

>Respectfully submitted,
>
>BIESECKER DUTKANYCH & MACER, LLC
>By: */s/ Andrew Dutkanych*
>Andrew Dutkanych
>144 North Delaware Street
>Indianapolis, IN 46204
>Telephone: (317) 991 - 4765
>Email: ad@bdlegal.com
>*Counsel for Plaintiff, Michael Taylor*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Michael Taylor, by counsel, requests a trial by jury on all issues deemed so triable.

>Respectfully submitted,
>
>BIESECKER DUTKANYCH & MACER, LLC
>By: */s/ Andrew Dutkanych*
>Andrew Dutkanych
>144 North Delaware Street
>Indianapolis, IN 46204
>Telephone: (317) 991 - 4765
>Email: ad@bdlegal.com
>*Counsel for Plaintiff, Michael Taylor*